UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GILBERTO JAIME, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| ALLSTATE TEXAS LLOYD'S | § | (JURY) |
| and KERRY JONES, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT ALLSTATE TEXAS LLOYDS' NOTICE OF REMOVAL
AND DEMAND FOR JURY TRIAL**

Defendant Allstate Texas Lloyds ("Allstate") files this Notice of Removal and Demand for Jury Trial of Cause Number 141-290656-17, styled *Gilberto Jaime v. Allstate Texas Lloyds and Kerry Jones*, currently pending in the 141st Judicial District Court of Tarrant County, Texas. Allstate removes this case to the United States District Court for the Northern District of Texas, Fort Worth Division. As grounds for removal, Allstate states as follows:

### I.   OVERVIEW

1.1   This case involves a claim for insurance benefits under a homeowner's insurance policy issued to Plaintiff Gilberto Jaime for alleged storm damage to Plaintiff's home on or about October 2, 2014. *See* Plaintiff's Original Petition.  Plaintiff commenced this action against Allstate by filing his Original Petition on February 24, 2017.  In his Original Petition, Plaintiff seeks to recover damages from the defendants in excess of $100,000.00 but not more than $200,000.00. *See* Plaintiff's Original Petition, ¶ 2.  Allstate was served with Plaintiff's Original Petition by certified mail, return receipt requested on March 3, 2017.  Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).  A true and correct copy of all process,

pleadings, and orders served upon Allstate in the state court action are being filed with this Notice as required by 28 U.S.C. § 1446(a), and are attached hereto as Exhibit "A".

## II.   DIVERSITY JURISDICTION

2.1   The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a).

2.2   Plaintiff is, and was at the time the lawsuit was filed, a resident and citizen of the State of Texas.

2.3   Allstate is, and was at the time the lawsuit was filed, an association of underwriters whose individual underwriters are residents and citizens of the states of Illinois and Virginia. Accordingly, Allstate is a citizen of the states of Illinois and Virginia, and complete diversity exists.[1]

2.4   An additional defendant in this case is Kerry Jones, a citizen of the State of Texas. Her citizenship, however, should not be taken into consideration for purposes of determining diversity as she has been improperly joined in this action.

2.5   The doctrine of improper joinder is an exception to the requirement of complete diversity and provides that a defendant may remove a case to a federal forum unless the in-state defendant was properly joined. *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Improper joinder is demonstrated when: 1) there is actual fraud in the pleading of jurisdictional facts; or 2) the plaintiff is unable to establish a cause of action against the non-diverse party in state court. *See Travis v. Irby*, 325 F.3d 644, 646-47 (5th Cir. 2003). In the instant case, Plaintiff is unable to establish a cause of action against Jones, thereby rendering her joinder improper.

---

[1] *See Royal Ins. Co. v. Quinn-L Capital Corp*, 3 F.3d 877, 882-884 (5th Cir. 1993), *cert. denied*, 522 U.S. 815 (1997); *see also Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998).

2.6     Plaintiff's allegations against Jones are generic and formulaic claims under the DTPA, the Texas Insurance Code, conspiracy, negligence, gross negligence, and negligent misrepresentation, and are unsupported by the facts. Such claims are in violation not only of the pleading requirements set forth in Rule 91a of the Texas Rules of Civil Procedure, but also the federal pleading requirements established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 1964-65 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1945 (2009). The allegations against Jones in this case set forth nothing more than bare legal conclusions together with a formulaic recitation of the elements of a cause of action. These generic recitations not only fail to state a viable cause of action under Texas law, but also fail to evidence a plausible entitlement to relief against Jones. As a result, the allegations against Jones exemplify the badge of improper joinder.

2.7     There is a long history in Texas of policyholders attempting to improperly join insurance adjusters and agents as defendants in first-party suits against their insurance company to recover policy benefits in an effort to avoid removal to federal court. This is yet another example of such a case. The essence of this lawsuit is Plaintiff's right of recovery under the insurance contract. Under such circumstances, Jones has been improperly joined. Because Jones has been improperly joined, the claims against her should not only be disregarded for purposes of determining diversity, but should also be dismissed in their entirety as a matter of law.

2.8     There being complete diversity between the Plaintiff and Allstate, this case is properly removed to the United States District Court for the Northern District of Texas, Fort Worth Division.

### III.   REMOVAL PROPER

3.1   Disregarding the citizenship of Jones, this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as an action wholly between citizens of different states with the matter in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.  Plaintiff alleges that Allstate is liable under a homeowner's insurance policy issued to Plaintiff by Allstate.  Plaintiff alleges damages of over $100,000.00.  *See* Plaintiff's Original Petition, ¶ 2.

3.2   Under 28 U.S.C. § 1441(a), the removed action is proper in this Court as the district and division embracing the place where the state court action is pending.

3.3   Pursuant to 28 U.S.C. § 1446(d), Allstate will promptly give the parties written notice of the filing of this Notice of Removal.  Allstate will also promptly file a copy of this Notice of Removal with the clerk of the 141st Judicial District Court of Tarrant County, Texas, where the action is currently pending.

3.4.   Allstate hereby demands a trial by jury.

### IV.   EXHIBITS ACCOMPANYING REMOVAL

4.1   In conjunction with filing this Notice of Removal, Allstate files the following documents as exhibits:

Exhibit "A" – Index/Documents filed in the 141st Judicial District Court of Tarrant County, Texas.

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Texas Lloyds removes Cause Number 141-290656-17, styled *Gilberto Jaime v. Allstate Texas Lloyds and Kerry Jones* and currently pending in the 141st Judicial District Court of Tarrant County, Texas, to this Court on the 24th day of March, 2017 for trial and determination.

Respectfully submitted,

**STACY | CONDER | ALLEN LLP**

   /s/ David G. Allen
David G. Allen
State Bar No.: 00786972
allen@stacyconder.com
Clinton D. Howie
State Bar No.: 00796782
howie@stacyconder.com

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 (fax)

**ATTORNEYS FOR DEFENDANT
ALLSTATE TEXAS LLOYDS**

**CERTIFICATE OF SERVICE**

On March 24, 2017, I electronically submitted the foregoing document to the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

   /s/David G. Allen
David G. Allen

CDH/PLDG/583134.1/000003.17075