# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| GILBERTO JAIME, § § § Plaintiff, § § v. § Civil Action No. 4:17-cv-00253-O-BP § ALLSTATE TEXAS LLOYDS and § KERRY JONES, § § Defendants. § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion to Remand (ECF No. 8), filed April 7, 2017, and Defendants' Response to Plaintiff's Motion to Remand (ECF No. 9), filed April 21, 2017. Also before the Court are Defendant's Motion to Dismiss Plaintiff's Original Petition and Brief in Support Thereof (Partial) (ECF No. 7), filed March 31, 2017, and Plaintiff's Response to Defendant's Motion for Partial Dismissal (ECF No. 22), filed August 25, 2017. United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management by Order entered on March 27, 2017. ECF No. 5. After consideration of the pleadings and the applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Plaintiff's Motion to Remand and **DENY** Defendant's Motion for Partial Dismissal.

## BACKGROUND

Plaintiff Gilberto Jaime is the named insured under a homeowners insurance policy issued by Defendant Allstate. ECF No. 1-1 at 2. On or about October 2, 2014, a storm allegedly caused damage to Jaime's residence that was insured under Allstate's policy. ECF No. 1 at 1; 1-1 at 3. Jaime's home sustained damage to its roof, porch cover, and shed. ECF No. 1-1 at 4. Jaime filed a

claim with Allstate for the damages. *Id.* at 3. Allstate assigned Defendant Kerry Jones as the adjuster on the claim. *Id.* Jaime alleges that Jones improperly adjusted Jaime's claim and conducted a substandard inspection of Jaime's home, estimating for a repair of only two shingles and leaving out many of Jaime's damages. *Id.* at 3–4.

Jaime filed his Original Petition in the 141st Judicial District Court of Tarrant County, Texas, against Defendants Allstate Fire and Casualty Company and Kerry Jones on February 24, 2017. ECF No. 8-1 at 3. On March 24, 2017, Allstate timely removed the case to this Court on the basis of diversity jurisdiction, alleging that Jaime improperly joined Jones. ECF No. 1. Arguing that Jones was properly joined, Jaime filed a motion to remand this action back to state court on April 7, 2017. ECF No. 8. On April 21, 2017, Allstate filed a response opposing remand, arguing that Jaime had failed to state a valid cause of action against Jones. *Id.*

For purposes of diversity jurisdiction, Jaime is a resident and citizen of Texas. ECF No. 1 at 2. Jones is also a resident and citizen of Texas. ECF No. 8-1 at 2. Allstate is a citizen of Illinois and Virginia. ECF No. 1 at 2. Because Jaime and Jones are both citizens of Texas, the Court would lack subject-matter jurisdiction if Jones were properly joined. ECF No. 9 at 3.

On March 31, 2017, Allstate additionally filed a partial motion to dismiss, arguing that Jaime inadequately pleaded his extra-contractual claims. ECF No. 7. Following the expiration of an agreed abatement period, Jaime responded to the motion to dismiss on August 25, 2017. ECF No. 22.

For the reasons stated below, the undersigned concludes that Jaime has stated a claim against Jones, and thus this Court lacks subject-matter jurisdiction over the case and should remand it to the state court. As the Court has concluded that it lacks jurisdiction, Defendant's Motion to Dismiss (ECF No. 7) should be denied.

**LEGAL STANDARDS**

I.       **Removal Jurisdiction**

Title 28 U.S.C. § 1441(a) permits the removal of any civil action brought in a state court of which the district courts of the United States have original jurisdiction. The defendant removed this case on the basis of diversity of citizenship under 28 U.S.C. § 1332. ECF No. 1 at ¶ 2.1. A district court can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if: (1) the parties are of completely diverse citizenship; and (2) none of the properly joined defendants is a citizen of the state in which the case is brought. *See* 28 U.S.C. § 1441(b). "[A]ny doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Ins. Co.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

II.      **Improper Joinder**

The purpose of an improper joinder inquiry is to determine whether the federal court has jurisdiction over a removed case with an in-state defendant as a party. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016). "A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse." *Id.* at 199. However, if the defendant is properly joined, then the federal court has no jurisdiction over the case and must remand it. *Id.* at 209; *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004).

At issue in this case is the second method of proving improper joinder, which requires a court to find "no reasonable basis . . . to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. The burden is on the defendant seeking

removal to demonstrate that the district court has no reasonable basis to predict that the plaintiff might be able to recover against the nondiverse defendant. *Id.* To determine whether a reasonable basis exists, a court must either "conduct a Rule 12(b)(6)-type analysis" or "in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy Ventures*, 818 F.3d at 207 (quoting *Smallwood*, 358 F.3d at 573). When doing so, a court must apply the federal pleading standard. *Id.* at 208. This requires the plaintiff's pleading to contain sufficient facts to state a claim to relief that is plausible on its face, providing more than a mere possibility of recovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Moreover, the pleading must provide more than "labels and conclusions" and do more than merely restate the elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 358 F.3d at 573.

### III. Pleading Fraud under Rule 9(b)

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Fifth Circuit has rephrased the rule as requiring the plaintiff to plead the "who, what, when, where, and how" of the alleged fraud. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997) (quoting *Melder v. Morris*, 27 F.3d 1097, 1100 n. 5 (5th Cir. 1994)). Some Texas district courts apply the heightened pleading requirements of Rule 9(b) to claims under the Texas Insurance Code. *Bige, Inc. v. Penn-Am. Ins. Co.*, 1-15-CV-292 RP, 2015 WL 5227726, at *4 (W.D. Tex. Sept. 8, 2015) (citing cases applying Rule 9(b) to claims under the Texas Insurance Code and Deceptive Trade Practices Act); *Jana Food Serv., Inc. v. Nationwide Agribusiness Ins. Co.*, 2016 WL 7165973, at *3–4 (N.D. Tex. Dec. 7, 2016) (McBryde, J.) (applying Rule 9(b) to Texas Insurance Code claims in a motion to remand).

4

Other courts have held that Rule 9(b) does not apply because Texas Insurance Code "claims are statutory bad faith claims and are distinct from common law fraud claims . . . ." *See, e.g., Galveston Bay Biodiesel, L.P. v. Ace Am. Ins. Co.*, 719 F. Supp. 2d 736, 741 (S.D. Tex. 2010); *see also Jimenez v. Allstate Texas Lloyd's*, No. 4:10–CV–4385, 2012 WL 360096, at *3 (S.D. Tex. Feb. 2, 2012) (holding that only claims under Texas Insurance Code § 541.060(a)(1) rest on allegations of fraud, but Subsections 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), and 541.060(a)(7) do not). The undersigned does not here propose a resolution of the Rule 9(b) question as it is not dispositive of Jaime's motion to remand.

## ANALYSIS

Jaime moves to remand this action to state court, arguing that Jones was properly joined. ECF No. 8. Allstate contends that Jaime has failed to state a valid cause of action against Jones. ECF No. 9. Using a Rule 12(b)(6)-type analysis, the Court must determine whether an insurance adjuster can be held liable under Texas Insurance Code § 541.060. Jaime has brought claims other than violations of the Texas Insurance Code in this case, but as he does not argue these claims in his motion to remand, the Court will not consider them.

"Texas law clearly authorizes [Texas Insurance Code § 541] actions against insurance adjusters in their individual capacities." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) (citing *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484–86 (Tex. 1998)); *see also* Tex. Ins. Code § 541.002(2) ("'Person' means an individual . . . engaged in the business of insurance, including an agent, broker, *adjuster*, or life and health insurance counselor." (emphasis added)). However, Texas district courts do not agree on which provisions of the Texas Insurance Code provide a cause of action against adjusters. Order Granting Motion to Remand at 5, *Jean Pierre d/b/a Campo Verde Square v. Zurich Am. Ins. Co. and Bernard Nguyen Dang*, No. 4:16-cv-00824-O (N.D. Tex Dec. 22, 2016) (O'Connor, J.).

5

A number of Texas courts have concluded that an insurance adjuster may be held personally liable for at least some provisions of the Texas Insurance Code. *E.g. Gasch*, 491 F.3d at 282 (noting general individual adjuster liability under Section 541.060); *Roach v. Vehicle*, 3:15-CV-3228-G, 2016 WL 795967, at *4–5 (N.D. Tex. Feb. 29, 2016) (Fish, J.) (holding individual adjuster liability is possible under Section 541.060(a)(2)); *Galveston Bay Biodiesel, L.P. v. Ace Am. Ins. Co.*, 719 F. Supp. 2d 736, 740 (S.D. Tex. 2010) ("Under the (here applicable) Rule 12(b)(6) standard, the plaintiff only needs to allege that [the insurance adjusters] personally took some action that violated the Insurance Code, as opposed to acting in an individual capacity, as argued by the defendants."); *Denley Grp., LLC v. Safeco Ins. Co. of Ind.*, No. 3:15-cv-1183-B, 2015 WL 5836226, at *3–4 (N.D. Tex. Sept. 30, 2015) (Boyle, J.); *Progressive Island, LLC v. Scottsdale Ins. Co.*, No. 3:13-CV-0741-M, 2013 WL 6065414, at *2–3 (N.D. Tex. Nov. 18, 2013) (Lynn, C.J.); *Lopez-Welch v. State Farm Lloyds*, No. 3:14-CV-2416-L, 2014 WL 5502277, at *8 (N.D. Tex. Oct. 31, 2014) (Lindsay, J.).

Other judges, however, have held that Section 541.060(a)(2) does not apply to insurance adjusters personally. *E.g. Messersmith v. Nationwide Mutual Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) (Solis, J.); *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-CV-1087-D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.); *Gutierrez v. Allstate Fire & Cas. Ins. Co.*, 3:17-CV-0636-D, 2017 WL 2378298, at *4 (N.D. Tex. June 1, 2017) (Fitzwater, J.); *Together 6, LLC v. Burlington Ins. Co.*, No. 4:15-CV-064-Y, 2015 WL 11120522, at *3 (N.D. Tex. Apr. 22, 2015) (Means, J.).

In particular, some courts have held that an adjuster cannot be liable for violating those provisions of the Texas Insurance Code that refer to the settlement or payment of claims, particularly Subsection 541.060(a)(2), as adjusters do not have settlement authority on behalf of the insurance company. *E.g. Messersmith*, 10 F.Supp.3d at 724. Courts on the other side hold that

insurance adjusters have primary responsibility for inspecting damaged property and evaluating claims, and thus, relevant to Subsection 541.060(a)(2), "unquestionably have the ability to affect or bring about the 'prompt, fair, and equitable settlement' of claims, because it is upon their investigation that the insurance company's settlement of a claim is generally based." *Denley Group*, 2015 WL 5836226, at *4.

Because there is a split in authority and the Court can reasonably read the Texas Insurance Code to apply to individual adjusters, the undersigned concludes that remand is proper if Jaime has pleaded a viable claim against Jones. *Int'l Energy Ventures*, 2016 WL 1274030, at *3; *Roach*, 2016 WL 795967, at *6 ("[I]n the context of a motion to remand, the split in authority regarding the scope of an insurance adjuster's liability under the Texas Insurance Code must be resolved in favor of remand.").

In his original petition, Jaime alleges that Jones "briefly inspected the damage to Plaintiff's home and created a scope of damages and estimate to repair only two shingles on the roof and erroneously concluded there was no other damage to the home caused by the wind and storm." ECF No 1-1 at 3. Jaime further alleges that Jones "failed to include widespread damage to [Jaime's] roof, damage to his porch cover, and damage to his shed." *Id.* at 4. Texas Insurance Code § 541.060(a)(2)(A) provides a claim for "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." The undersigned finds that Jaime's allegations of inadequate investigation provide a reasonable basis for concluding that Jaime might recover against Jones for failing to effectuate a fair settlement of a claim and thereby constitute a sufficient pleading to survive dismissal under Rule 12(b)(6). *See Smallwood*, 385 F.3d at 573 (requiring a court to find "no reasonable basis . . . to predict that the plaintiff might be able to recover against an in-state defendant"). Because Jaime has pleaded an adequate claim against Jones under Rule 12(b)(6), the

undersigned determines that Jones was properly joined as a defendant, and complete diversity of citizenship does not exist in this case, requiring remand.

Assuming, without deciding, that Federal Rule of Civil Procedure 9(b) requires heightened pleading of violations of the Texas Insurance Code, the undersigned notes that Plaintiff's Original Petition pleaded facts in a way that set out the "who, what, when, where, and how" of the allegedly violative conduct. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997). Thus, Rule 9(b) would not require dismissal of this case even if that rule applied to the claims asserted against Jones in Plaintiff's Original Petition.

Finally, as the undersigned has found that the Court does not have subject-matter jurisdiction over this case, Judge O'Connor should deny Defendant's Motion for Partial Dismissal (ECF No. 7) for lack of subject-matter jurisdiction.

## CONCLUSION

The undersigned therefore **RECOMMENDS** that Judge O'Connor **GRANT** Plaintiff's Motion to Remand (ECF No. 14) and **REMAND** this case to the 141st Judicial District Court of Tarrant County, Texas. In addition, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Defendant's Motion for Partial Dismissal (ECF No. 7).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed September 29, 2017.

*[signature: Hal R. Ray, Jr.]*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE